## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------
MERIDETH PIOTROWSKI, on behalf of her          |
minor child, J.P.,                             |
                                               |
                            Plaintiff,         |        **VERIFIED**
                                               |        **COMPLAINT**
              -against-                         |
                                               |
                                               |
the ROCKY POINT UNION FREE SCHOOL              |        Jury Trial Demanded
DISTRICT; the BOARD OF EDUCATION               |
of the ROCKY POINT UNION FREE                  |        Case No.
SCHOOL DISTRICT; JAMES MOELLER;                |
MICHAEL GABRIEL; SUSANN CROSSAN;               |
SUFFOLK COUNTY; the SUFFOLK COUNTY             |
DEPARTMENT OF PROBATION; and                   |
JESSIE MAYER,                                  |
                                               |
                            Defendants.        |
-------------------------------------------------------------
```

Plaintiff, MERIDETH PIOTROWSKI (hereinafter referred to as "Plaintiff"), bringing this action on behalf of her minor child, J.P., by the undersigned counsel, EISENBERG & BAUM, LLP, as and for her Complaint against the the ROCKY POINT UNION FREE SCHOOL DISTRICT; the BOARD OF EDUCATION of the ROCKY POINT UNION FREE SCHOOL DISTRICT; JAMES MOELLER individually and as Assistant Principal of Rocky Point Middle School; MICHAEL GABRIEL individually and as Assistant Principal of Rocky Point High School; SUSANN CROSSAN individually and as Principal of Rocky Point High School; SUFFOLK COUNTY; the SUFFOLK COUNTY DEPARTMENT OF PROBATION; and JESSIE MAYER individually and as Probation Officer at the Suffolk County Department of Probation (collectively, hereinafter referred to as "Defendants"), respectfully alleges upon knowledge as to itself, and otherwise upon information and belief, as follows:

## JURISDICTION

1.      Plaintiff brings these claims under the Americans with Disabilities Act of 1990 at 42 U.S.C. § 12101, *et. seq.*; and the Rehabilitation Act of 1973 at 29 U.S.C. § 794.

2.      This Court has jurisdiction under 28 U.S.C. § 1331.

## THE PARTIES AND VENUE

3.      Plaintiff resides in the hamlet of Rocky Point, County of Suffolk, State of New York.

4.      Plaintiff's minor child has been enrolled as a student in the Rocky Point Union Free School District since in or around September of 2008.

5.      Plaintiff's minor child is currently enrolled as a student at Rocky Point High School.

6.      Defendant Rocky Point Union Free School District (hereinafter the "District"), is a municipal corporation, organized and existing under New York State Education Law.

7.      The District has administrative offices within the County of Suffolk, State of New York.

8.      Defendant Board of Education of the Rocky Point Union Free School District (hereinafter the "Board") is the governing body of the District.

9.      Defendant James Moeller is employed by the District as the Assistant Principal of the Rocky Point Middle School.

10.      Defendant Michael Gabriel is employed by the District as the Assistant Principal of the Rocky Point High School.

11.      Defendant Susann Crossan is employed by the District as the Principal of the Rocky Point High School.

12.     Defendant Suffolk County is a municipal corporation, organized and existing under the laws of the State of New York.

13.     Defendant Suffolk County Department of Probation is an arm of, and overseen by Defendant, Suffolk County.

14.     Defendant Jessie Mayer is employed by the Suffolk County Department of Probation as a Probation Officer.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) and (c). A substantial part of the events giving rise to the Plaintiff's claim occurred within the Eastern District of New York.

## FACTUAL BACKGROUND

16.     Plaintiff's minor child is a person with a disability as that term is used under Section 504 of the Rehabilitation Act of 1973, and under the Americans with Disabilities Act.

17.     At all times relevant hereto, Plaintiff's minor child has been diagnosed and suffers from both Type 1 Diabetes and Attention Deficit Hyperactivity Disorder (hereinafter "ADHD")(collectively, hereinafter referred to as "disabilities"), and, as such, he is a qualified individual with a disability under Section 504 of the Rehabilitation Act of 1973, and Section 12132 of the Americans with Disabilities Act.

18.     Beginning in September of 2014, Plaintiff's minor child was enrolled as a student in the Rocky Point Middle School, located at 76 Rocky Point Yaphank Road, Rocky Point, New York 11778.

19.     Beginning in September of 2017, Plaintiff's minor child was, and continues to be enrolled as a student in the Rocky Point High School, located at 82 Rocky Point Yaphank Road, Rocky Point, New York 11778.

20.    In or about late 2015, Plaintiff's minor child's Type 1 Diabetes started to become uncontrollable and difficult to manage, resulting in extreme hyperglycemia, and causing Plaintiff's minor child to become extremely sick at times.

21.    As a result of this extreme hyperglycemia, Plaintiff's minor child suffered from stomach pains, bad headaches, extreme thirst, unusually high amounts of urine production causing him to use the bathroom often, tiredness, shortness of energy, itchy skin, and extreme irritability.

22.    As a result of the foregoing, Plaintiff's minor child had extremely difficult times waking up and getting his day started, and also became extremely irritable as a result of the hyperglycemia.

23.    In or about November of 2015 Plaintiff's minor child began to miss numerous days of school, and was also tardy often to school, both being a direct result of his hyperglycemia and uncontrollable diabetes.

24.    The foregoing tardiness, and the foregoing absences continued through to in or about June of 2017 as Plaintiff's minor child continued to experience extreme hyperglycemia, with A1c numbers in the 11's.

25.    In or about May of 2016, Ms. Meyers, as a teacher at the Rocky Point Middle School and therefore a representative of the Rocky Point Union Free School District, in mocking Plaintiff's minor child and the problems with school that his Type 1 Diabetes was causing, stated to the class, with J.P. present in said class, "what is the probability that [J.P.] did his homework? Zero percent?", causing Plaintiff's minor child to become very uncomfortable, embarrassed and stressed, and, as a result, caused Plaintiff's minor child's blood glucose levels to become even more uncontrollable.

26.     In or about June of 2016, Defendant James Moeller stated to Plaintiff that J.P. was a very influential kid, that other kids followed in his footsteps, and that he was going to make an example of him.

27.     In or about June of 2016, Plaintiff met with Deborah De Luca, in her capacity as Assistant Superintendent of the Rocky Point Union Free School District, to discuss the aforementioned comments being made by Defendant James Moeller, and the aforementioned comments being made by Ms. Meyers.

28.     The aforementioned meeting in or about June of 2016, between Plaintiff and Deborah De Luca served as initial notice to Defendants that discriminatory and harassing conduct was being committed toward Plaintiff's minor child.

29.     In or about June of 2017, Plaintiff received a notice from the Rocky Point Union Free School District's Committee on Special Education (hereinafter referred to as "Committee"), that the Committee would be meeting to discuss Plaintiff's minor child's absences from, and tardiness to school.

30.     In or about June of 2017, the Committee met to discuss J.P.'s absences from, and tardiness to school.

31.     In the aforementioned Committee meeting, the Committee determined that out of all of J.P.'s absences from, and tardiness to school, none were in any way related to his disabilities.

32.     In arriving at the aforementioned determination, the Committee did not take into account or review a single report on J.P.'s medical history; did not consult a single opinion from any of J.P.'s medical providers with regard to any of his disabilities; and did not take into

account or review a single medical report or healthcare opinion regarding any of J.P.'s disabilities.

33.    In or about July of 2017, Defendants filed a PINS Petition in the Family Court of the State of New York, County of Suffolk, accusing Plaintiff's minor child of truancy.

34.    Defendant James Moeller acted as the undersigned and filer in regards to the aforementioned PINS Petition.

35.    Plaintiff's minor child initially appeared for an arraignment on the PINS matter in the Family Court of the State of New York, County of Suffolk on August 2, 2017.

36.    Plaintiff's minor child, through the advice of his court appointed counsel, admitted to the Court that he did indeed miss school on the dates alleged in the PINS petition.

37.    Plaintiff's minor child was not advised however, and did not exercise his right to present a defense in his matter, nor was Plaintiff's minor child at any time allotted the ability to present medical documentation stating that his absences and tardiness were both a direct result of his Type 1 Diabetes.

38.    On August 2, 2017, the Family Court of the State of New York, County of Suffolk issued an Order of Adjudication and Disposition with Probation based on the in-Court admission of Plaintiff's minor child.

39.    The aforementioned Order placed J.P. on probation until August 2, 2018; required J.P. to participate in psychotherapy, as well as home base social services; required J.P. to adhere to a 3pm curfew on school nights, and a 7pm curfew on non-school nights; and required J.P. to submit to continuous and regular drug testing.

40.    On September 26, 2017, the Family Court of the State of New York, County of Suffolk issued an Order subsequent to the August 2, 2017 Order, amending the previous August

2, 2017 Order to require J.P. to adhere to a 5pm curfew on school nights, and a 7pm curfew on non-school nights.

41.     On November 24, 2017, the Suffolk County Department of Probation submitted a Petition to the Family Court of the State of New York, County of Suffolk alleging that Plaintiff's minor child violated the terms of his probation.

42.     The aforementioned Petition alleged, in relevant part, that J.P. violated his probation by reporting to the Suffolk County Department of Probation offices in Yaphank for a scheduled office report after 5:00pm accompanied by his 21 year old friend.

43.     The aforementioned petition further alleged, in relevant part, that J.P. continued to bring his cell phone to school, and therefore further violated his probation, after receiving a warning from school officials for having his cell phone out on school premises and after ignoring a unilateral directive from the Suffolk County Department of Probation, without a Court order, requiring J.P. to leave his cell phone at home for two weeks.

44.     As part of adequately caring for his diabetes, Plaintiff's minor child must have continuous access to his cell phone in order to monitor his blood glucose levels through an app on the phone, making his phone a medical device, and also to contact his mother regarding the management of his diabetes, including but not limited to the treatment of both hypoglycemia and hyperglycemia.

45.     On December 11, 2017, the Family Court of the State of New York, County of Suffolk issued an Order subsequent to the September 26, 2017 Order, amending the previous September 26, 2017 Order and required J.P. to adhere to a 3pm curfew on school nights, and a 7pm curfew on non-school nights; ordered J.P. to not bring his phone to school; and required J.P. to complete a education class on Type 1 Diabetes management.

46.    Plaintiff's minor child thereafter appeared in the Family Court of the State of New York, County of Suffolk again on January 8, 2018, and was advised by the Court that in lieu of a Type 1 Diabetes education class, J.P. could submit a 2-3 page written essay on Type 1 Diabetes to the Court.

47.    In or about February of 2018, Plaintiff's minor child received, and was forced to attend an after school detention, handed down by Defendant Michael Gabriel, which J.P. received for being in the school nurse's office for the sole purpose of testing his blood sugar.

48.    In upholding said after school detention, Defendant Michael Gabriel identified the reason for J.P.'s detention having been that J.P. was roaming the halls with his girlfriend, however, upon an inquiry into why J.P.'s girlfriend had not received detention also, Defendant Michael Gabriel stated to Plaintiff that J.P.'s girlfriend had actually been in class.

49.    Defendant Michael Gabriel then subsequently stated to Plaintiff in the same conversation that he felt that Plaintiff was abusing his "privilege" in visiting the nurse to test his blood sugar.

50.    In issuing Plaintiff's minor child the aforementioned after school detention, ignoring the accommodations set forth in J.P.'s IEP, Defendants blatantly and entirely disregarded J.P.'s medical accommodations.

51.    Plaintiff's minor child thereafter received an updated IEP, agreed to on May 11, 2018, which put all staff on notice that J.P. was allowed to utilize his cell phone at all times while on school premises, as it is categorized as a medical device, in order to monitor his blood glucose levels and assist him in effectively managing his Type 1 Diabetes.

52.    Specifically, J.P.'s IEP states "Blood glucose monitoring can be done at any time within any place in the school." (2018-2019 IEP attached hereto as Exhibit 1)

53.     On October 30, 2018, Plaintiff's minor child was issued a one day, in-school suspension, again by Defendant Michael Gabriel, as well as Defendant Susan Crossan, for having his cell phone out during class, said suspension having been served on October 31, 2018. (Rocky Point ISS Letter attached hereto as Exhibit 2)

54.     In issuing Plaintiff's minor child the aforementioned in-school suspension on October 30, 2018, Defendants once again ignored the accommodations set forth in J.P.'s IEP, and blatantly and entirely disregarded J.P.'s medical accommodations. (Exhibit 1)

55.     Plaintiff's minor child continues to be forced to submit to numerous drug tests, said drug tests being completed utilizing a urine sample from J.P.

56.     Plaintiff's minor child has not tested positive for any illegal substance in any of the aforementioned drug tests.

57.     Plaintiff's minor child continues to be placed at risk while at school with Defendants blatantly ignoring J.P.'s medical accommodation needs and his IEP.

58.     Plaintiff's minor child continues to be discriminated against, bullied and harassed by Defendants while at school.

59.     On November 2, 2018, Defendant Jessie Mayer left a voicemail via telephonic means with Plaintiff informing her that Defendant Mayer and the Suffolk County Department of Probation was filing a petition in Suffolk County Family Court alleging a violation of J.P.'s terms of probation for J.P. getting suspended in school for having his cell phone out, despite Plaintiff's minor child informing Defendant Mayer that his IEP allows him the use of his cell phone at all times during the school day to manage and monitor his Type 1 Diabetes.

60.     On November 2, 2018, Plaintiff's minor child was seen by a physician for stress, anxiety, insomnia and other psychological trauma caused by the foregoing events of bullying,

discrimination and harassment by Defendants, whereat Plaintiff's minor child registered a blood pressure of 138 over 92, indicating severe hypertension.

61.     As a result of the discrimination, bullying and harassment by Defendants, Plaintiff's minor child has been placed at severe risk of physical and psychological harm while at school and is currently unable to attend school.

## AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983

62.     Plaintiff repeats, realleges and incorporates by reference each of the allegations contained in the preceding Paragraphs as if fully set forth at length herein.

63.     Plaintiff's minor child is a student with a qualified disability by virtue of his diagnosis of Type 1 Diabetes.

64.     Defendants, acting under color of state law and under claim of authority granted to them by the New York State education laws and by Department of Education rules and regulations, have collectively and individually engaged in actions, abuses and omissions, which have deprived Plaintiff's minor child of equal protection of the law, and have further deprived him of his rights under the United States Constitution.

65.     At all times relevant to the Complaint, Plaintiff's minor child has a constitutionally protected right to equal protection under the laws, and to enjoy equal privileges and rights as are afforded to all students, pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

66.     Defendants violated Plaintiff's minor child's equal protection rights under the Fourteenth Amendment to the United States Constitution through their blatant discrimination against Plaintiff's minor child.

67.     Specifically, Defendants' blatant failure to abide by Plaintiff's minor child's 504 Plan and reasonably and adequately accommodate Plaintiff's minor child's qualified disability while at school, constitutes discrimination against Plaintiff's minor child.

68.     Defendants deprived Plaintiff's minor child of equal protection rights secured by the Fourteenth Amendment to the United States Constitution by engaging in acts and conduct that includes, but is not limited to:

a)     Not accommodating J.P.'s disabilities in order to allow him to be given an equal educational opportunity that students who are not otherwise disabled receive.

b)     Determining unilaterally that J.P.'s absences from, and tardiness to school were not related to his diabetes without relying on a single medical record, medical opinion, or healthcare report on Type 1 Diabetes.

c)     Filing a PINS petition in the Family Court of Suffolk County, State of New York, due to J.P.'s absences and tardiness directly related to his disabilities, rather than accommodating J.P. in continuing to receive his necessary education while trying to manage his Type 1 Diabetes.

d)     Creating a dangerous environment for J.P. by failing to provide reasonable accommodations so that he may safely manage his Type 1 Diabetes, and thus allow him the opportunity to succeed in an educational setting, despite their knowledge that he desperately needed these accommodations.

e)     Placing J.P. at risk of significant physical, emotional and psychological injury at school.

f)      Blatantly disregarding and ignoring the accommodations previously agreed to

and set forth in J.P.'s current IEP. (Exhibit 1)

69.      Defendants deprived Plaintiff's minor child of the right to be free from invidious

discrimination due to his disability as guaranteed by the Americans with Disabilities Act and

Section 504 of the Rehabilitation Act.

70.      As a direct and proximate result of the acts by Defendants, Plaintiff's minor child

did suffer and continues to suffer damages including but not limited to physical trauma,

emotional distress, pain and suffering, anxiety, depression, and other psychological trauma, the

full extent of which remains currently unknown.

71.      Plaintiff is entitled to recover monetary damages for Defendants' violations of 42

U.S.C. § 1983.

72.      Plaintiff is entitled to recover punitive damages for Defendants' violations of 42

U.S.C. § 1983.

**AS AND FOR A SECOND CAUSE OF ACTION**
**DISABILITY DISCRIMINATION IN VIOLATION OF SECTION 504 OF THE**
**REHABILITATION ACT OF 1973 (29 U.S.C. § 794)**

73.      Plaintiff repeats, realleges and incorporates by reference each of the allegations

contained in the preceding Paragraphs as if fully set forth at length herein.

74.      Because Plaintiff's minor child's Type 1 Diabetes is a physical impairment, which

substantially limits one or more of his major life activities, he is a qualified individual with a

disability under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

75.      Defendants are public entities/state actors of said entities, which receive federal

and state funding, and provide educational services, programs and activities to the public (ie.

public education) and are thus subject to suit under the Rehabilitation Act.

76.    As a result of his Type 1 Diabetes, Plaintiff's minor child was subjected to, among other things, discrimination, harassment, and emotional abuse by reason of his disability.

77.    As a result of absences and lateness directly resulting from his Type 1 Diabetes, Plaintiff's minor child was subjected to, among other things, discrimination, harassment, and emotional abuse at school by reason of his disability.

78.    The harassment and mistreatment of Plaintiff's minor child was sufficiently severe and pervasive such that it altered the condition of his education.

79.    Defendants' failure to provide reasonable accommodations to Plaintiff's minor child subjected him to an atmosphere of discrimination within the school.

80.    Defendants were deliberately indifferent to the healthcare needs of Plaintiff's minor child so that he may receive the same level of education that otherwise non-disabled students receive, while adequately and effectively managing his Type 1 Diabetes.

81.    As a result of the discrimination, Plaintiff's minor child was deprived of educational benefits, specifically, a supportive, scholastic environment free from discrimination and harassment.

82.    Because of Defendants' deliberate indifference to Plaintiff's minor child's disabilities, as well as Defendants' failure to provide reasonable accommodations to Plaintiff's minor child, J.P. was denied the opportunity to participate in or benefit from the school's services, programs, or activities.

83.    Plaintiff's minor child is entitled to recover monetary damages for Defendants' violations of 29 U.S.C. § 794.

84.    Plaintiff's minor child is entitled to a permanent injunction against Defendants so that Plaintiff's minor child may receive the accommodations previously agreed to in his IEP.

## AS AND FOR A THIRD CAUSE OF ACTION
## DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (142 U.S.C. § 12101 et seq.)

85.    Plaintiff repeats, realleges and incorporates by reference each of the allegations contained in the preceding Paragraphs as if fully set forth at length herein.

86.    Because Plaintiff's minor child's Type 1 Diabetes is a physical impairment, which substantially limits one or more of his major life activities, he is a qualified individual with a disability under the Americans with Disabilities Act, 42 U.S.C. § 12132.

87.    Defendants are public entities/state actors of said entities, which receive federal and state funding, and provide educational services, programs and activities to the public (ie. public education) and are thus subject to suit under the Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.

88.    As a result of his Type 1 Diabetes, Plaintiff's minor child was subjected to, among other things, discrimination, harassment and emotional abuse by reason of his disability.

89.    As a result of absences and lateness directly resulting from his Type 1 Diabetes, Plaintiff's minor child was subjected to, among other things, discrimination, harassment and emotional abuse at school by reason of his disability.

90.    The harassment and mistreatment of Plaintiff's minor child was sufficiently severe and pervasive such that it altered the condition of his education.

91.    Defendants' failure to provide reasonable accommodations to Plaintiff's minor child subjected him to an atmosphere of discrimination within the school.

92.    Defendants were deliberately indifferent to the healthcare needs of Plaintiff's minor child so that he may receive the same level of education that otherwise non-disabled students receive, while adequately and effectively managing his disabilities.

93.     As a result of the discrimination, Plaintiff's minor child was deprived of educational benefits, specifically, a supportive, scholastic environment free from discrimination and harassment.

94.     Because of Defendants' deliberate indifference to Plaintiff's minor child's disabilities, as well as Defendants' failure to provide reasonable accommodations to Plaintiff's minor child, Plaintiff's minor child was denied the opportunity to participate in or benefit from the school's services, programs, or activities.

95.     As a result of the discrimination, harassment and emotional abuse by Defendants, Plaintiff's minor child suffered severe and irreparable emotional harm.

96.     Plaintiff is entitled to monetary damages for Defendants violations of 42 U.S.C. § 12101 et seq.

97.     Plaintiff is entitled to a permanent injunction against Defendants so that Plaintiff may receive the accommodations previously agreed to in his IEP.

## AS AND FOR A FOURTH CAUSE OF ACTION
## DISABILITY DISCRIMINATION IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW (NY EXEC LAW, ARTICLE 15, § 296)

98.     Plaintiff repeats, realleges and incorporates by reference each of the allegations contained in the preceding Paragraphs as if fully set forth at length herein.

99.     Because Plaintiff's minor child's Type 1 Diabetes is a physical impairment, which substantially limits one or more of his major life activities, he is a qualified individual with a disability under the New York State Human Rights Law.

100.    As a result of his Type 1 Diabetes, Plaintiff's minor child was subjected to, among other things, discrimination, harassment and emotional abuse by reason of his disability.

101.    As a result of absences and lateness directly resulting from his Type 1 Diabetes, Plaintiff's minor child was subjected to, among other things, discrimination, harassment and emotional abuse at school by reason of his disability.

102.    The harassment and mistreatment of Plaintiff's minor child was sufficiently severe and pervasive such that it altered the condition of his education.

103.    Defendants' complete disregard for Plaintiff's minor child's IEP and failure to provide reasonable accommodations to Plaintiff's minor child subjected him to an atmosphere of discrimination within the school.

104.    Defendants were deliberately indifferent to the healthcare needs of Plaintiff's minor child, so that he may receive the same level of education that otherwise non-disabled students receive, while adequately and effectively managing his Type 1 Diabetes.

105.    As a result of the discrimination, Plaintiff's minor child was deprived of educational benefits, specifically, a supportive, scholastic environment free from discrimination and harassment.

106.    Because of Defendants' deliberate and blatant disregard for Plaintiff's minor child's IEP, deliberate indifference to Plaintiff's minor child's disabilities, and complete failure to provide reasonable accommodations to Plaintiff's minor child, Plaintiff's minor child was denied the opportunity to participate in or benefit from the school's services, programs, or activities.

107.    As a result of the discrimination, harassment and emotional abuse by Defendants, Plaintiff's minor child suffered severe and irreparable emotional harm.

108.    Plaintiff is entitled to monetary damages for Defendants' violations of the New York State Human Rights Law.

109.    Plaintiff is entitled to a permanent injunction against Defendants so that Plaintiff may receive the accommodations previously agreed to in his IEP.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**DISCRIMINATION IN VIOLATION OF THE DIGNITY FOR ALL STUDENTS ACT**
**(NEW YORK EDUCATION LAW ARTICLE 2, § 12)**

110.    Plaintiff repeats, realleges and incorporates by reference each of the allegations contained in the preceding Paragraphs as if fully set forth at length herein.

111.    Because Plaintiff's minor child's Type 1 Diabetes is a physical impairment, which substantially limits one or more of his major life activities, he is a qualified individual with a disability under the New York Education Law.

112.    Plaintiff's minor child was subjected to, among other things, discrimination by reason of his disability.

113.    Because of Defendants' deliberate and blatant disregard for Plaintiff's minor child's IEP, deliberate indifference to Plaintiff's minor child's disabilities, and complete failure to provide reasonable accommodations to Plaintiff's minor child, Plaintiff's minor child was denied the opportunity to participate in or benefit from the school's services, and, as such, Plaintiff's minor child was subjected to discrimination and emotional abuse at school by reason of his disability.

114.    The discrimination and mistreatment of Plaintiff's minor child was sufficiently severe and pervasive such that it altered the condition of his education.

115.    Defendants' complete disregard for J.P.'s IEP and failure to provide reasonable accommodations to him, subjected him to an atmosphere of discrimination within the school.

116.     Defendants were deliberately indifferent to the healthcare needs of Plaintiff's minor child, so that he may receive the same level of education services that otherwise non-disabled students receive, while adequately and effectively managing his disabilities.

117.     As a result of the discrimination, Plaintiff's minor child was deprived of educational services, specifically a supportive, scholastic environment free from discrimination and harassment.

118.     Because of Defendants' deliberate and blatant disregard for Plaintiff's minor child's 504 plan, deliberate indifference to Plaintiff's minor child's disabilities, and complete failure to provide reasonable accommodations to Plaintiff's minor child, Plaintiff's minor child was denied the opportunity to participate in or benefit from the school's services, programs, or activities.

119.     As a result of the discrimination, harassment and emotional abuse by Defendants, Plaintiff's minor child suffered severe and irreparable emotional harm.

120.     Plaintiff is entitled to compensatory damages for Defendants' violations of the Dignity for All Students Act.

121.     Plaintiff is entitled to punitive damages for Defendants' violations of the Dignity for All Students Act.

122.     Plaintiff is entitled to a permanent injunction against Defendants so that Plaintiff may receive the accommodations previously agreed to in his IEP.

### AS AND FOR A SIXTH CAUSE OF ACTION
### NEGLIGENCE FOR FAILURE TO IMPLEMENT
### PROVISIONS OF THE DIGNITY FOR ALL STUDENTS ACT
### (NEW YORK EDUCATION LAW ARTICLE 2, § 13)

123.     Plaintiff repeats, realleges and incorporates by reference each of the allegations contained in the preceding Paragraphs as if fully set forth at length herein.

124.    Defendants failed to adhere to the policies, procedures and guidelines set forth pursuant to Article 2, Section 13 of New York Education Law.

125.    Defendants failed to implement or abide by the provisions of the Dignity for All Students Act and implementing regulations.

126.    Defendants were negligent in failing to implement or adhere to the Dignity for All Students Act.

127.    Plaintiff's minor child was injured by Defendants' failure to implement and adhere to the Dignity for All Students Act.

128.    Plaintiff's minor child has been damaged by Defendants' negligent failure to implement and adhere to the requirements of the Dignity for All Students Act.

129.    As a result of Defendants' negligent failure to implement and adhere to the requirements of the Dignity for All Students Act, Plaintiff's minor child faced an environment of discrimination and suffered emotional harm as a direct result from being denied the ability to ride the school bus while ensuring that he may adequately manage his Type 1 Diabetes.

130.    Plaintiff is entitled to compensatory damages for Defendants' negligent failure to implement and adhere to the requirements of the Dignity for All Students Act.

131.    Plaintiff is entitled to punitive damages for Defendants' negligent failure to implement and adhere to the requirements of the Dignity for All Students Act.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### NEGLIGENCE

132.    Plaintiff repeats, realleges and incorporates by reference each of the allegations contained in the preceding Paragraphs as if fully set forth at length herein.

133.     Defendants had a special duty of care to Plaintiff's minor child to protect him and provide him with an environment of care and safety in which he could attend the public school and safely travel through its premises without the fear of discrimination and harassment.

134.     Defendants were aware of complaints and concerns raised by Plaintiff and Plaintiff's minor child over the course of J.P.'s tenure at the middle school and the high school.

135.     Defendants breached their duty of care by failing to properly supervise staff, and by failing to properly train the teachers and staff as to methods of the supervision and accommodation of Plaintiff's minor child's Type 1 Diabetes.

136.     Defendants breached their duty of care by failing to act on the numerous complaints and concerns raised by Plaintiff and Plaintiff's minor child over the course of J.P.'s tenure at the middle school and the high school.

137.     Defendants breached their duty of care by failing to provide proper and sufficient measures throughout the school to accommodate J.P.'s Type 1 Diabetes.

138.     As a direct and proximate cause of Defendants' breach of their duty of care to Plaintiff's minor child, Plaintiff's minor child did suffer severe and irreparable emotional injuries, psychological distress, and pain and suffering.

139.     Plaintiff is entitled to compensatory damages for Defendants' negligence.

140.     Plaintiff is entitled to punitive damages for Defendants' negligence.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

141.     Plaintiff repeats, realleges and incorporates by reference each of the allegations contained in the preceding Paragraphs as if fully set forth at length herein.

142.     Defendants negligently allowed staff to discriminate against Plaintiff's minor child to the point that he was hospitalized on numerous occasions.

143.    Defendants' negligent acts would cause distress in a reasonable person and in fact were the direct, proximate and foreseeable cause of mental and emotional distress in Plaintiff's minor child.

144.    Defendants had a duty to supervise and care for the physical, psychological and educational well-being of Plaintiff's minor child.

145.    Defendants knew and/or reasonably should have known that their failing to prevent the discrimination of students would likely cause grave emotional distress and possible long-term psychological trauma.

146.    The conduct of Defendants rose to the level of extreme and outrageous conduct, which negligently placed Plaintiff's minor child in jeopardy of suffering grave emotional distress and psychological harm.

147.    Defendants' pattern of failing to address the ongoing discrimination and harassment toward Plaintiff's minor child has caused him severe and irreparable emotional distress.

148.    As a foreseeable result of the above noted conduct of Defendants, said severe and irreparable emotional and psychological trauma did occur in this instant case, resulting in Plaintiff's minor child's severe emotional and psychological symptoms.

149.    Plaintiff is entitled to compensatory damages for the negligent infliction of emotional distress caused by Defendants.

150.    Plaintiff is entitled to punitive damages for the negligent infliction of emotional distress caused by Defendants.

**AS AND FOR A NINTH CAUSE OF ACTION**
**NEGLIGENT SUPERVISION/HIRING**

151.    Plaintiff repeats, realleges and incorporates by reference each of the allegations contained in the preceding Paragraphs as if fully set forth at length herein.

152.    Defendants had a duty to care for and protect the physical and psychological safety of Plaintiff's minor child.

153.    Defendants had a duty to provide Plaintiff's minor child with a safe and secure school environment, through the supervision and hiring of its employees.

154.    Defendants had a duty to train, supervise, educate and discipline their employees in order to prevent students in their care from becoming subject to discriminatory conduct.

155.    Defendants breached their duty of care by failing to properly supervise its employees who were charged with preventing Plaintiff's minor child from becoming subject to discriminatory conduct.

156.    Defendants breached their duty of care by failing to properly train teachers, administration and staff as to methods of preventing students from becoming subject to discriminatory conduct.

157.    Defendants breached their duty of care by failing to properly train teachers, administration and staff as to methods of adequately and reasonably accommodating students with disabilities.

158.    Defendants' negligent supervision and hiring created a school environment for Plaintiff's minor child where he became subjected to blatant discrimination by reason of his disability, thereby breaching the duty of care owed to Plaintiff's minor child.

159.    As a direct and proximate result of Defendants' negligent supervision and/or negligent hiring, Plaintiff's minor child suffered foreseeable emotional and psychological injuries.

160.    Plaintiff's minor child's injuries include ongoing emotional injuries and psychological trauma, the extent of which is unknown at this time, anxiety, depression and pain and suffering.

161.    Plaintiff is entitled to compensatory damages for Defendants' negligent supervision and hiring.

162.    Plaintiff is entitled to punitive damages for Defendants' negligent supervision and hiring.

**WHEREFORE**, Plaintiff respectfully demands that Judgment be entered against Defendants, jointly and severally, as follows:

A.  On Plaintiff's first cause of action, for:

    i.    compensatory damages to be determined by the trier of fact;

    ii.    reasonable attorney's fees and costs incurred by Plaintiff in the prosecution of the instant action; and

    iii.    punitive damages to be determined by the trier of fact.

B.  On Plaintiff's second cause of action, for:

    i.    compensatory damages to be determined by the trier of fact; and

    ii.    reasonable attorney's fees and costs incurred by Plaintiff in the prosecution of the instant action.

C.  On Plaintiff's third cause of action, for:

    i.    compensatory damages to be determined by the trier of fact; and

    ii.    reasonable attorney's fees and costs incurred by Plaintiff in the prosecution of the instant action.

D.  On Plaintiff's fourth cause of action, for:

     i.   compensatory damages to be determined by the trier of fact.

E.  On Plaintiff's fifth cause of action, for:

     i.   compensatory damages to be determined by the trier of fact;

     ii.  reasonable attorney's fees and costs incurred by Plaintiff in the prosecution of the instant action; and

     iii.  punitive damages to be determined by the trier of fact.

F.  On Plaintiff's sixth cause of action, for:

     i.   compensatory damages to be determined by the trier of fact;

     ii.  reasonable attorney's fees and costs incurred by Plaintiff in the prosecution of the instant action; and

     iii.  punitive damages to be determined by the trier of fact.

G.  On Plaintiff's seventh cause of action, for:

     i.   compensatory damages to be determined by the trier of fact;

     ii.  reasonable attorney's fees and costs incurred by Plaintiff in the prosecution of the instant action; and

     iii.  punitive damages to be determined by the trier of fact.

H.  On Plaintiff's eighth cause of action, for:

     i.   compensatory damages to be determined by the trier of fact;

     ii.  reasonable attorney's fees and costs incurred by Plaintiff in the prosecution of the instant action; and

     iii.  punitive damages to be determined by the trier of fact.

I.  On Plaintiff's ninth cause of action, for:

     i.   compensatory damages to be determined by the trier of fact;

ii.    reasonable attorney's fees and costs incurred by Plaintiff in the prosecution of the

instant action; and

iii.    punitive damages to be determined by the trier of fact.

J.   Grant Plaintiff a permanent injunction against Defendants so that Plaintiff' may receive

the accommodations previously agreed to in his 504 Plan.

K.   Grant Plaintiff a permanent restraining order against Defendants to prevent continued

discrimination, harassment and bullying against Plaintiff's minor child.

L.   Grant Plaintiff such other, further and different relief as to this Court may be just, proper

and equitable under the circumstances.

<u>**A JURY TRIAL IS HEREBY DEMANDED**</u>

Dated:  New York, New York
          November 1, 2018

Yours, etc.
EISENBERG & BAUM, LLP.
Attorneys for Plaintiff

By: _____
Daniel O. Phelan, Esq.
24 Union Square East, Fourth Floor
New York, New York 10003
Tel: (212) 353-8700
Fax: (212) 353-1708
dphelan@eandblaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

MERIDETH PIOTROWSKI, on behalf of her
minor child, J.P.,

                                  Plaintiff,

                 -against-

the ROCKY POINT UNION FREE SCHOOL
DISTRICT; the BOARD OF EDUCATION
of the ROCKY POINT UNION FREE
SCHOOL DISTRICT; JAMES MOELLER;
MICHAEL GABRIEL; SUSANN CROSSAN;
SUFFOLK COUNTY; the SUFFOLK COUNTY
DEPARTMENT OF PROBATION; and
JESSIE MAYER,

                              Defendants.

-------------------------------------------------------------

**<u>VERIFICATION</u>**

Case No.

STATE OF NEW YORK )

                 SS.:

COUNTY OF SUFFOLK)

Merideth Piotrowski, being duly sworn, deposes and says:

  I am the Plaintiff in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

_Merideth Piotrowski_
Merideth Piotrowski

Sworn to before me this _1st_

day of _November_ , 2018.

_Tara J. McDonald_
Notary Public

TARA J. McDONALD
Notary Public, State of New York
No. 01MC5041914
Qualified in Suffolk County
Commission Expires April 10, 20_19_